IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HEATHER F. RIGBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-519 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Heather F. Rigby's Motion for Judgment on the Administrative Record (Doc. No. 13) and supporting memorandum (Doc. No. 14) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Social Security Disability Insurance Benefits ("DIB"). The Court withdraws the previous reference to the Magistrate Judge. For the reasons explained below, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, the Plaintiff's motion will be denied, the Commissioner's decision affirmed, and this matter dismissed.

## I.    INTRODUCTION

The Plaintiff filed the initial application for DIB on April 29, 2004, alleging an onset date for the disability claim of March 8, 2002. (*See* Doc. No. 9, Certified Transcript of Administrative Record ("TR"), at 20.) Plaintiff was insured for DIB benefits through December 31, 2007. (TR 22.) Plaintiff's claim was denied initially by the Commissioner on August 16, 2004, and again upon reconsideration on December 3, 2004. (TR 20.) Plaintiff requested, and was granted, a hearing before an administrative law judge ("ALJ"). The Plaintiff then appeared, with counsel, before ALJ Mack H. Cherry on September 29, 2006. In a decision dated February 27, 2007, the ALJ denied Plaintiff's application for benefits (TR 20-29). Plaintiff thereafter filed a timely request for review by the Appeals Council, and on April 3, 2008, the Appeals Council denied Plaintiff's request for review (TR 6-8). The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II.    THE FACTUAL RECORD

### A.    Background

Plaintiff was born March 16, 1976 and was twenty-five (a "younger individual") on the alleged onset date ("AOD") of March 8, 2002.  (TR 55.)  Plaintiff was thirty (still a "younger individual") on September 29, 2006, the date of the administrative hearing.  *See* 20 C.F.R. §§ 404.1563, 404.1564, 404.1565 (classifying individuals according to their age, education and work experience).  Plaintiff completed a Master's in Business Administration at David Lipscomb University and currently lives with her husband.  (TR 550.)  The Plaintiff previously worked as a staff accountant with IASIS Healthcare before the onset of the alleged disability.  (TR 550.)

### B.    The Relevant Medical History

In March of 2002, Plaintiff sought treatment from Dr. Robert Johnston for shoulder pain lasting two to three weeks, but MRI results were unremarkable.  (TR 173-76.)  Plaintiff then presented to Dr. Grace Teal at Vanderbilt in April of 2002, complaining that the pain had spread to the lower back, but a bone scan, CT scan, and whole body scan were normal.  (TR 177, 180, 183, 185.)  Plaintiff was then diagnosed with fibromyalgia later that same month by treating physician Dr. Bowles.  (TR 495.)  In May of 2002, Plaintiff was evaluated by a neurologist, infectious disease specialist, and a rheumatologist at the Mayo Clinic in Jacksonville, Florida.  (TR. 269-79.)  Though no specific cause was clearly indicated, the diagnosis was probable fibromyalgia.  (TR 269.)

In September 2002, Dr. Robert Lagrone diagnosed fibromyalgia, and recommended anti-depressants and a walking program.  (TR 340-41.)  Plaintiff returned at least once more to Dr. Lagrone that December to ascertain her progress with his treatment plan.  (TR 345-46.)  In February 2003, Dr. Bowles filled out a questionnaire, prepared for purposes of litigation, in which he limited Plaintiff to sitting continuously for only two hours, standing or walking for less than two hours, and entirely precluded the Plaintiff from lifting even light objects (including those under ten pounds).  He also placed significant restrictions on Plaintiff's reaching, handling, bending, and fingering.  (TR 517-522.)  However, when Plaintiff next met with Dr. Bowles the following month, he reported a normal physical exam and even noted an improvement in the Plaintiff's strength.  (TR 487-90.)  And State examining psychologist Dr. Dorothy Lambert assigned Plaintiff a high Global Assessment of Functioning score of 70.  (TR 372-76.)

In December, 2003, Plaintiff underwent a Functional Capabilities Evaluation ("FCE") conducted by physical therapist Birgit Barnes.  (TR 354-59.)  According to her evaluation, Plaintiff could sit for at least forty minutes, stand or walk for at least two hours and fifteen minutes, safely lift thirty pounds off of the floor and fifteen pounds overhead, carry ten pounds in front of her using two hands (or sixteen pounds in each hand at her side), push or pull fifty pounds on a sled on an occasional basis, and frequently lift twenty pounds from floor to shoulder-height.  She also found Plaintiff able to stoop, crouch, squat, bend, reach, handle, sustain overhead activity, and finger light objects.  (*Id.*)  In July of 2004, medical consultant Dr. Glenda Knox-Carter opined that Plaintiff could lift/carry ten pounds frequently and twenty pounds occasionally, stand, walk, or sit, respectively, up to six hours in an eight-hour day (TR 365-66.)

## III.    THE ALJ'S February 27, 2007 DECISION

Based on his review of the entire record, ALJ Mack H. Cherry made the following findings in a written opinion issued on February 27, 2007:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2.    The claimant has not engaged in substantial gainful activity since March 8, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*).

3.    The claimant has the following severe impairments: fibromyalgia syndrome, hypothyroidism, obesity, and a mood disorder (20 CFR 404.1520(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525, and 404.1526).

5.    The claimant has the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for a total of about 6 hours in an 8 hour work day with the option to sit or stand at will; sit for a total of about 6 hours in an 8 hour workday; never climb of ladders, scaffolds, or ropes; never crawl, crouch, kneel; occasionally climb stairs/ramps, balance, stoop, bend; avoid exposure to extremes in temperature, dampness, wetness, humidity, hazardous machinery, and unprotected heights.  The claimant would have some difficulty maintaining conversation and persistence for extended periods but could still do so.

6.    The claimant is capable of performing past relevant work as a staff accountant as a credit analyst.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity  (20 CFR § 404.1565).

7.    The claimant has not been under a "disability," as defined in Social Security Act, from April 9, 2002 through the date of this decision (CFR 404.1520(g)).

(TR 22-29.)

## IV.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion.  *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).  Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different.  *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantiality is based on the record taken as a whole.  *See Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).  When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration.  *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

### B.   Evaluation of Entitlement to Social Security Benefits

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled."  42 U.S.C. § 423(d)(1)(A).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy."  42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *See id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## V. ANALYSIS AND DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ erred by not giving proper deference to the opinion of Plaintiff's treating physician, and by failing to provide good reason for doing so;

2. Whether the ALJ erred in adopting the opinion of a non-acceptable medical source over that of Plaintiff's treating physician;

(Pl.'s Brief, at 7.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922. Because of the relatively focused nature of the Plaintiff's arguments, the Court does not find it necessary to provide an exhaustive factual account of the Plaintiff's medical history.

**A.  Whether the ALJ Erred By Not Giving Proper Deference to the Opinion of the Plaintiff's Treating Physician.**

The Sixth Circuit has observed that even where the Commissioner's decision to reject a claimant's disability application is otherwise supported by substantial evidence, reversal will nonetheless be required if the agency fails to follow its own procedural regulation requiring the agency to " 'give good reasons' for not giving weight to a treating physician in the context of a disability determination." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  *Strunk v. Astrue*, No. 08-201-GWU, 2009 U.S. Dist. LEXIS 33986 (E.D. Ky. Apr. 22, 2009) (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)).

An ALJ generally is required give more weight to opinions from treating sources since "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."  20 C.F.R. § 404.1527(d)(2).  Further, an ALJ must give the opinion of a treating source controlling weight if he finds the opinion to be "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  *Id.*  The weight given a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 404.1527(d); *Harris v. Heckler*, 756 F.2d 431 (6th Cir. 1985).  If not contradicted by any substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference.  *Miksell v. Comm'r of Soc. Sec.*, No. 388, 2008 U.S. Dist. LEXIS 12913, at *21 (S.D. Ohio, June 12, 2008) (citing *Harris*, 756 F.2d at 435)).

If the opinion of a treating source is not accorded controlling weight, in determining what weight to give the opinion, an ALJ must consider factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.  *Harris, 756 F.2d at 431-35.*

The regulation requires the agency to always "give good reasons" for the weight given a treating source's opinion. *Id.* "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that her physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement ensures that the ALJ applies the treating-physician rule and permits meaningful review of the ALJ's application of the rule. *Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004). In addition, the Commissioner interprets 20 C.F.R. §§ 404.1527(f) and 416.927(f) as requiring ALJs to consider opinions of agency consultants "as opinions of non-examining physicians and psychologists." SSR 96-6p. ALJs are not "bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id.*

Plaintiff argues the opinion of Dr. Bowles is entitled to greater weight as medical source evidence, and that the ALJ wrongly rejected his opinion because he was not a specialist. (Pl.'s Brief, at 7-13.) The Court nonetheless finds that the ALJ did not err in his treatment of this treating physician because the record reflects, contrary to the Plaintiff's assertion, that the ALJ actually considered the medical opinion of Dr. Bowles and then gave good reasons for not according it complete deference.

The ALJ did not "reject" Dr. Bowles' medical opinion, but, rather, declined to give it controlling deference. Specifically, the ALJ found that Dr. Bowles offered insufficient objective evidence to support the extreme limitations he included in the February, 2003 report; but, rather, found that because Dr. Bowles had relied upon Plaintiff's own subjective complaints of pain, the report should be given less weight. Furthermore, the ALJ found such severe limitations to be inconsistent with the record, including substantial evidence of the Plaintiff's improvement and ability to function. (TR 28.) As the Commissioner correctly asserts, "[t]he ALJ did not reject Dr. Bowles' assessment because he was not a specialist; rather he properly declined to give that assessment the extra weight a specialist's report might be due." (Def.'s Brief, at 19.) Likewise, the ALJ reasonably accorded extra weight to the opinions Ms. Barnes and Dr. Knox-Carter, not because they were denying a claim, but because their opinions were supported by objective clinical findings which were consistent with the credible evidence in the record. (TR 28-29.)

### B.  Whether the ALJ Erred in Adopting the Opinion of a Non-Acceptable Medical Source Over That of Plaintiff's Treating Physician

20 C.F.R. § 404.1513 provides instruction on which medical sources may be used to *establish* and evaluate the existence of a medically determinable impairment:

> *(a) Sources who can provide evidence to establish an impairment.*  We need evidence from acceptable medical sources to **establish** whether you have a medically determinable impairment(s).  See §404.1508.  Acceptable medical sources are—
>
>> (1) Licensed physicians (medical or osteopathic doctors);
>> (2) Licensed or certified psychologists. . . .;
>> (3) Licensed optometrists. . . .;
>> (4) Licensed podiatrists . . . .; and
>> (5) Qualified speech-language pathologists …

20 C.F.R. § 404.1513(a) (emphasis added).  In addition, 20 C.F.R. § 404.1513 also describes other, non-acceptable medical (and non-medical) sources which may be considered by the ALJ when evaluating the extent and *severity* of an already determined impairment:

> (d) *Other sources.* In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the **severity** of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to—
>
>> (1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and **therapists**);
>> (2) Educational personnel…
>> (3) Public and private social welfare agency personnel…

20 C.F.R. § 404.1513(d) (emphasis added).  Finally, Social Security Ruling (SSR) 06-03p makes it clear that while the opinions of non-acceptable medical sources may not be used to **establish** the existence of a disability, they can and must be considered by the ALJ in evaluating the extent and **severity** of an already determined disability, and, depending on the circumstances, may even be accorded greater deference than that of a treating physician source:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because. . . . "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source.

SSR 06-03p.

It is clear from the foregoing that Plaintiff's assertion, that a physical therapist could not provide a "medical opinion," is unavailing. (Pl.'s Brief, at 14.) Pursuant to 20 C.F.R. § 404.1513(d), the FCE of the physical therapist may be considered by the ALJ in determining the severity of the Plaintiff's medically determined disability, in this case, fibromyalgia, and pursuant to SSR 06-03p, where appropriate, may be given more weight than the opinion of Plaintiff's own treating physician. In his written decision, consistent with both SSR 06-03p and 20 C.F.R. § 404.1513, the ALJ determined that Plaintiff's subjective complaints of pain, and the attendant questionnaire completed by the treating physician based on such self-reported pain, were not entitled to deference because they lacked the support of objective medical evidence and were inconsistent with the record as a whole. (TR 22-29.) Conversely, the ALJ found that the results of the FCE, completed by "other source" physical therapist Ms. Barnes, were supported by the objective medical evidence and consistent with the record—including substantial evidence of the Plaintiff's improving condition—and were therefore entitled to greater weight. (*Id.*)

Plaintiff obviously disagrees with the ALJ's discounting of Dr. Bowles' opinion, and the additional weight which was given to the physical therapist's FCE, but it is nonetheless clear that the ALJ stated sufficient reasons for his determination regarding the weight accorded each medical source. It must be remembered that the standard of review followed by this Court permits only a consideration of whether substantial evidence in the record supports the ALJ's decision, not whether other compelling, substantial evidence in the record would support a contrary determination. Accordingly, the Court declines to disturb the ALJ's findings.

**VI.     CONCLUSION**

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching his conclusion, and that his decision is supported by substantial evidence in the record. An appropriate order denying Plaintiff's motion for judgment and affirming the Commissioner's decision will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge